UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA

**SYDNEY CHIARITO,**

    Plaintiff,

v.                                              CASE NO.:

**ROSECASTLE OF BRANDON, LLC,**
And **ALG SENIOR, LLC,**

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sydney Chiarito, by and through undersigned counsel, brings this action against Defendants, Rosecastle of Brandon, LLC, and ALG Senior, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") nd the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in this Manatee County.

## PARTIES

4. Plaintiff is a resident of Manatee County, Florida.

5. Defendants Rosecastle and ALG, together, operate an Assisted Living Facility in Bradenton, in Manatee County, Florida.

6. Defendant Rosecastle and Defendant ALG entered into a joint employer relationship and are authorized as "joint-employers" by virtue of their rigorous control over all of the individual employees.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

11. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

12. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

13. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

14. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

## FACTS

15. Plaintiff began working for Defendant as an Administrative Assistant in April 2020, and he worked in this capacity until October 2021.

16. On or around August 2021, Plaintiff suffered from a serious medical condition within the meaning of the FMLA.

17. On or about August 2021, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request.

18. On or about October 12, 2021, Plaintiff's employment was terminated for having taken leave that should have been protected by the FMLA.

19. Plaintiff exercised her rights under the FMLA by requesting leave.

20. By terminating Plaintiff shortly after she returned from leave, Defendant violated Plaintiff's rights under the FMLA.

21. At all times material hereto, Defendant was an "employer" within the meaning of The Occupational Health and Safety Act (the "OSH Act").

22. At all times material hereto, Plaintiff was an "employee" within the meaning of the OSH Act.

23. As an employer, Defendant had a legal obligation to meet the requirements of the OSH Act.

24. During the course of her employment with Defendant, Plaintiff raised her concerns about the safety of herself and other employees in regards to the unsafe conditions of the bus that employees, like Plaintiff, were required to use to transport the facility's residents.

25. Plaintiff complained about the safety of the bus in February 2021.

26. Defendant was aware at all times of the unsafe conditions of the bus.

27. In or about September 2020, Defendant's Maintenance Director, Christian Pavo, wrote that the bus was unsafe in part due to the rotted and cracked condition of the tires.

28. Defendant's Executive Director, Christopher Kmet, (Kmet), signed off on a report in March 2021 that noted the buses' tires were in poor condition.

29. In August 2021, the bus was held by a mechanic due to its unsafe condition.

30. Despite knowing about the unsafe conditions of the bus, Kmet required Plaintiff to continue transporting the facility's residents in the bus.

31. Plaintiff refused to continue driving the unsafe bus for any purpose.

32. On or about October 12, 2021, Defendant terminated Plaintiff for her complaints about the unsafe conditions.

## **COUNT I – FMLA RETALIATION**

33. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-10 and 14-19 of this Complaint, as fully set forth herein.

34. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

35. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

36. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in

    the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

  (e) Front pay;

  (f) Liquidated Damages;

  (g) Prejudgment interest on all monetary recovery obtained;

  (h) All costs and attorney's fees incurred in prosecuting these claims; and

  (i) For such further relief as this Court deems just and equitable.

## COUNT II – RETALIATION UNDER THE FPWA

39. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 12-14, and 20-31 of this Complaint, as though fully set forth herein.

40. Plaintiff opposed and refused to participate in Defendant's violation of the OSH Act, thereby engaging in protected activity under the FPWA.

41. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating Plaintiff's employment.

42. Plaintiff was injured by Defendant's violations of the FPWA, for which she is entitled to legal and injunctive relief.

  ***WHEREFORE***, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

  d) Any other compensatory damages allowable at law;

  e)  All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

  f)  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable. Dated this 25th day of January 2023.

      Respectfully submitted,

      *s/ Amanda E. Heystek*
      **AMANDA E. HEYSTEK**
      Florida Bar Number: 0285020
      Direct Dial: 813-379-2560
      **DANIEL E. KALTER**
      Florida Bar No.: 1025094
      **WENZEL FENTON CABASSA, P.A.**
      1110 N. Florida Avenue, Suite 300
      Tampa, Florida 33602
      Main Number: 813-224-0431
      Facsimile: 813-229-8712
      Email: aheystek@wfclaw.com
      Email: dkalter@wfclaw.com
      Email: rcooke@wfclaw.com
      **Attorneys for Plaintiff**